# The Law Offices of
# JASON E. TAYLOR P.C.

October 1, 2021



**VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
**ARTICLE NO.: 7020 2450 0000 8943 3018**

Hickory Police Department
c/o Warren Wood, City Manager
76 North Center Street
Hickory, NC 28601

    *RE:*   *Brent Shaun Heavner v. Seth William Burns, et al.*
           *21-CVS-2410 Catawba County*

Dear Mr. Wood:

You are hereby served with the enclosed Civil Summons and Complaint for the Hickory Police Department as the City Manager.

                    Sincerely,

                    *Robyn M. Buckley*

                    Robyn M. Buckley
                    Attorney at Law

RMB/sc
Enclosures

---

p. (800) 351-3008
f. (828) 327-9008

Mailing address:
PO Box 2688 Hickory, NC 28603
Serving both of the Carolinas

TheLitigator.com

| STATE OF NORTH CAROLINA | | File No. 21-CVS-240 | |
|---|---|---|---|
| CATAWBA County | | In The General Court Of Justice ☐ District ☒ Superior Court Division | |

| Name Of Plaintiff |
|---|
| BRENT SHAUN HEAVNER |
| Address |
| c/o The Law Offices of Jason E. Taylor, P.C.   P.O. Box 2688 |
| City, State, Zip |
| Hickory                                          NC          28603 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

RECEIVED OCT 1 4 2021 Legal Dept

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| SETH WILLIAM BURNS, Indiv. and in his capacity as an Officer with the Hickory Police Department, THURMAN WHISNANT, Indiv., and in his capacity as the Chief of Police, CITY OF HICKORY, and HICKORY POLICE DEPARTMENT | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The City of Hickory, a North Carolina Municipality | Hickory Police Department |
| c/o Warren Wood, City Manager | c/o Warren Wood, City Manager |
| 76 North Center Street | 76 North Center Street |
| Hickory                     NC      28601 | Hickory                     NC      28601 |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Jason E. Taylor, Esq. / Robyn M. Buckley, Esq. | 9.29.21 | 1:42 ☐ AM ☒ PM |
| The Law Offices of Jason E. Taylor, P.C. | Signature | |
| P.O. Box 2688 | | |
| Hickory                                          NC          28603 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 21-CVS-240 | |
|---|---|---|---|
| CATAWBA County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division | |

**Name Of Plaintiff**
BRENT SHAUN HEAVNER

**Address**
c/o The Law Offices of Jason E. Taylor, P.C.   P.O. Box 2688

**City, State, Zip**
Hickory                                              NC    28603

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
SETH WILLIAM BURNS, Indiv. and in his capacity as an Officer with the Hickory Police Department, THURMAN WHISNANT, Indiv., and in his capacity as the Chief of Police, CITY OF HICKORY, and HICKORY POLICE DEPARTMENT

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

RECEIVED OCT 14 2021 Legal Dept

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The City of Hickory, a North Carolina Municipality<br>c/o Warren Wood, City Manager<br>76 North Center Street<br>Hickory                      NC    28601 | Hickory Police Department<br>c/o Warren Wood, City Manager<br>76 North Center Street<br>Hickory                      NC    28601 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Jason E. Taylor, Esq. / Robyn M. Buckley, Esq.<br>The Law Offices of Jason E. Taylor, P.C.<br>P.O. Box 2688<br>Hickory                    NC    28603 | 9-29-21 | 1:42 | ☐ AM ☒ PM |
| | Signature *[signed]* | | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time | |
|---|---|---|
| | | ☐ AM ☐ PM |
| Signature | | |
| ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 21-CVS-240 |
|---|---|
| CATAWBA County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |  |
|---|---|
| BRENT SHAUN HEAVNER | |
| **Address** | **CIVIL SUMMONS** |
| c/o The Law Offices of Jason E. Taylor, P.C.   P.O. Box 2688 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| **City, State, Zip** | |
| Hickory                                     NC         28603 | G.S. 1A-1, Rules 3 and 4 |
| **VERSUS** | |
| **Name Of Defendant(s)** | **Date Original Summons Issued** |
| SETH WILLIAM BURNS, Indiv. and in his capacity as an Officer with the Hickory Police Department, THURMAN WHISNANT, Indiv., and in his capacity as the Chief of Police, CITY OF HICKORY, and HICKORY POLICE DEPARTMENT | **Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The City of Hickory, a North Carolina Municipality<br>c/o Warren Wood, City Manager<br>76 North Center Street<br>Hickory                                     NC         28601 | Hickory Police Department<br>c/o Warren Wood, City Manager<br>76 North Center Street<br>Hickory                                     NC         28601 |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡**IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 9-29-21 | Time 1:42 ☐ AM ☒ PM |
|---|---|---|
| Jason E. Taylor, Esq. / Robyn M. Buckley, Esq.<br>The Law Offices of Jason E. Taylor, P.C.<br>P.O. Box 2688<br>Hickory                                     NC         28603 | Signature<br>☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature<br>☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

STATE OF NORTH CAROLINA FILED

COUNTY OF CATAWBA 2021 SEP 29 P 1:43

CATAWBA CO., C.S.C.

BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

21 CVS 2410

Brent Shaun Heavner,

    Plaintiff,

vs.

SETH WILLIAM BURNS, individually and in his official capacity as an officer with the Hickory Police Department, THURMAN WHISNANT, individually and in his official capacity as the Chief of Police for the Hickory Police Department, THE CITY OF HICKORY, a North Carolina Municipality and the HICKORY POLICE DEPARTMENT,

    Defendants.

**COMPLAINT**
**JURY TRIAL DEMANDED**



RECEIVED OCT 14 2021 Legal Dept

NOW COMES the Plaintiff, complaining of Defendants, alleging and saying as follows:

### INTRODUCTORY STATEMENT

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and under the statutes and common law of the State of North Carolina against Seth William Burns and Thurman Whisnant in their individual and official capacities; and against The City of Hickory.

2. This is a civil action seeking compensatory and punitive damages pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the deprivation of Plaintiff Brent Heavner's civil rights by Defendants, and specifically Plaintiff's right to freedom from unlawful assault and battery and from excessive force applied unto him by sworn law-enforcement officers. This action also presents claims under the Constitution of the United States for deprivation of federal constitutional rights and under the common law of the State of North Carolina for assault and battery, false imprisonment, and intentional and negligent infliction of emotional distress.

3. It is alleged that Defendant Burns assaulted and battered Plaintiff, falsely arrested and imprisoned Plaintiff, intentionally or negligently inflicted emotional distress upon Plaintiff, and violated his North Carolina state and federal constitutional rights under the color of law.

4. It is alleged that the City of Hickory and Thurman Whisnant, as Chief of Police for the Hickory Police Department, negligently retained Defendant Burns as an Officer of the Hickory Police Department, negligently supervised the officers, and violated the federal Constitutional

rights of Plaintiff by maintaining a pattern and practice of maintaining a pattern and practice of engaging in acts of excessive force without legal justification.

## PARTIES AND JURISDICTION

5. Plaintiff Brent Heavner is a citizen and resident of Lincoln County, North Carolina. At the time of the events described herein, he was 34-years-old.

6. The Defendants are "persons" within the meaning of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and each has the capacity to be sued for the claims presented in this action.

7. Defendants Seth William Burns (hereinafter "Burns") and Thurman Whisnant (hereinafter "Whisnant") were at all times relevant to this action police officers, agents/employees of Defendant City of Hickory (hereinafter "City") and members of the Hickory Police Department (hereinafter "HPD"). They are sued in their individual and official capacities. Upon information and belief, these Defendants are citizens and residents of Catawba County, North Carolina.

8. Defendant City of Hickory (hereinafter "City") is a body politic and corporate, located in Catawba County, North Carolina, which has the power to sue and be sued under N.C. Gen. Stat.§ 160A-11.

9. Defendant City has waived any governmental immunity it could have raised to the Complaint in that, pursuant to N.C. Gen. Stat. § 160A-485, the City has liability insurance that was in force at all times relevant hereto, or in the alternative has reserved insurance funds to cover such acts, omissions, negligence and/ or misconduct as alleged hereinafter by Plaintiff.

10. In the alternative, Defendant City, as authorized by N.C. Gen. Stat. § 160A-485.5, has waived sovereign immunity from civil liability in tort pursuant to Article 31 of Chapter 143 of the General Statutes, as modified by G.S. § 160A-485(b) and subject to the limitations set forth in G.S. § 160A-485.5(c).

11. Defendants Burns and Whisnant were screened, hired, trained and supervised by the City and HPD as law enforcement officers in the City of Hickory, North Carolina, to serve as agents and employees of the City and HPD.

12. Defendants Burns' and Whisnant's individual actions and omissions that are the subject of this Complaint were undertaken by them while acting under color of law and within the scope and course of their employment by the City and HPD.

13. This Court has jurisdiction over the parties and subject matter of this action, pursuant to N.C. Gen. Stat.§§ 1-1, 1-2, 1-4, 1-6 and 1-75.4.

14. Venue is proper in this Court pursuant to N.C Gen. Stat.§ 1-77(2).

15. At all times relevant hereto, Defendants Burns and Whisnant, in their individual and official capacities, were acting as appointed agents and employees within the scope of their employment and in furtherance of the business of their employers, the City and HPD.

Accordingly, their actions are imputed to the Defendant City, which is responsible under the doctrine of *respondeat superior*, as well as the common law principles of agency.

16. The individually named Defendants were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Hickory, acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and usages of the State of North Carolina and/ or the City of Hickory.

## FACTS

17. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

18. Upon information and belief unless otherwise noted, at all times pertinent to this action, Defendants Burns and Whisnant were employed as officers with HPD, which is a department of the City, and acted at all relevant times within the course and scope of their agency and employment.

19. On October 8, 2018, Plaintiff Brent Heavner visited WalMart in Hickory, North Carolina with his girlfriend, Lisa Bailey.

20. While at WalMart, Plaintiff was detained for suspicion of shoplifting by a WalMart employee and Defendant Burns.

21. Defendant Burns began antagonizing Heavner, telling him was he was going to be charged as a habitual offender and placed Heavner under arrest.

22. Heavner did not resist arrest by Defendant Burns while at WalMart and allowed himself to be handcuffed by Defendant Burns.

23. At the time of Heavner's arrest, Defendant Burns knew, or reasonably should have known Heavner's identity and that Heavner was unarmed.

24. At the time of Heavner's arrest, Defendant Burns knew, or reasonably should have known, that Heavner was impaired.

25. Defendant Burns did not properly secure Heavner's handcuffs, allowing them to be loose enough for Heavner to slip out of the handcuffs unnoticed by Defendant Burns.

26. While in transport from WalMart to the magistrate's office, Defendant Burns continued to verbally harass and threaten Heavner.

27. While in transport from WalMart to the magistrate's office, Defendant Burns rolled down Heavner's window in the back of Defendant Burns' patrol vehicle.

28. With the window rolled down by Defendant Burns, Heavner was able to unlock the back door from the outside and roll out of Defendant Burns' patrol vehicle while it was moving.

29. After escaping Defendant Burns' patrol vehicle, Heavner was able to get up and start running.

30. Instead of getting out of his patrol vehicle and chasing Heavner down on foot, Defendant Burns began pursuing Heavner with his patrol vehicle.

31. Due to an injury to his knee, Heavner fell down at least twice while running from Defendant Burns.

32. After a short chase, Defendant Burns ultimately struck Heavner down with his patrol vehicle.

33. At the time Defendant Burns struck Heavner, Heavner had stopped trying to escape and was standing still waiting to be re-arrested.

34. According to the original North Carolina Crash Report Form DMV-349 (hereinafter "Crash Report"), prepared by Sergeant G.S. Blackwood (hereinafter "Blackwood") and dated October 9, 2018, the collision between Defendant Burns and Heavner took place at 22:59 (10:59 p.m.).

35. The original Crash Report prepared by Blackwood on October 9, 2018 also indicated that Heavner was suspected of being under the influence of drugs or alcohol.

36. The original Crash Report prepared by Blackwood on October 9, 2018 also listed Heavner's injuries as "evident."

37. The original Crash Report prepared by Blackwood on October 9, 2018, also indicated that Heavner was transported from the scene by Catawba County EMS to Frye Regional Medical Center.

38. The Catawba County EMS report indicates that the dispatch call was not received until 00:15:15 (12:15 a.m.), more than an hour after the collision between Heavner and Defendant Burns as indicated by the Crash Report.

39. The Catawba County EMS report also indicates that upon their arrival, Heavner was on the ground in a prone position (face down) and was handcuffed.

40. The Catawba County EMS report also indicates that Heavner was unable to follow directions due to an altered level of consciousness with a Glascow Coma Scale score of 6.

41. The Catawba County EMS report also indicates that per HPD report, Heavner had been coughing or spitting up blood since the traumatic event.

42. Upon information and belief, either at the moment of impact with Defendant Burns' patrol vehicle or sometime later, while in the custody of Defendants, Plaintiff suffered injury and damage to his head, face, mouth, and other injuries.

43. The encounter between Heavner, Defendant Burns and possible other HPD officers lasted for more than an hour. At that time, due to a concussive head injury, Plaintiff lost consciousness.

44. Heavner was later charged with felony breaking and entering into the WalMart, among other charges, including resisting arrest by Defendant Burns.

45. As a direct result of striking Heavner with his patrol vehicle, Defendant Burns inflicted serious physical injuries to Heavner's face and head.

46. Upon information and belief, the HPD maintains body video cameras that should clearly capture the entirety of the interaction between Heavner and Defendant Burns and everything that occurred while Heavner was in the custody and control of the HPD, the collision between Heavner and Defendant Burns and everything that occurred at the scene until Heavner was transported to the hospital.

47. To date, the City of Hickory and HPD have not released the video to the public, to Heavner, nor to his counsel, and have not allowed Plaintiff or his counsel to view the video footage.

48. While bleeding and suffering from apparent facial injuries, coughing and spitting up blood and having an altered level of consciousness, Heavner was placed on his stomach on the ground and again placed in handcuffs and left there for over an hour until Catawba County EMS was called for medical attention.

49. Upon information and belief, Plaintiff was then transported to Frye Regional Medical Center, where records show he arrived at or near 0:51 a.m (12:51 am).

50. Records provide that Plaintiff was discharged from Frye Regional Medical Center on October 11, 2018.

51. Originally, HPD informed the hospital staff that HPD would come pick Heavner up when he was ready for discharge.

52. However, on October 10, 2018, Heavner was given an unsecured bond for the charges referenced above.

53. Ultimately, the charges against Heavner from October 8, 2018 were dismissed for lack of probable cause.

54. Defendants' actions in delaying medical treatment to Plaintiff after inflicting injuries upon him evinced a wanton and callous disregard for Plaintiff's humanity, and Defendants' actions and omissions were clearly designed to enhance and prolong his suffering.

## FIRST COUNT: ASSAULT AND BATTERY

55. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

56. Defendant Burns intentionally caused Plaintiff to reasonably apprehend harmful or offensive contact.

57. Defendant Burns' intentional actions constituted harmful or offensive contact with Plaintiff's person without his consent.

58. Without consent or privilege, Defendant Burns caused Plaintiff to reasonably believe that he would immediately suffer battery and that Defendant Burns possessed the apparent ability to harm Plaintiff.

59. Defendant Burns committed the acts of harmful and offensive touching and threatened the Plaintiff's person intentionally and maliciously while acting under color of law as an agent/ employee of the City and HPD.

60. Defendant Burns' improper touching and striking Plaintiff with his patrol vehicle and other contact with Plaintiff proximately caused Plaintiff to endure pain and suffering.

61. The torts and negligent actions of Defendant Burns are to be imputed to the City of Hickory pursuant to the doctrine *of respondeat superior*. At all times relevant to this action, Defendant Burns was acting within the course and scope of his agency and employment by the City and HPD.

## SECOND COUNT : INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

63. Defendant Burns' conduct as alleged hereinabove was extreme and outrageous and exceeded all bounds usually tolerated by decent society.

64. Defendant Burns' conduct was intended to cause Plaintiff severe emotional distress.

65. Defendant Burns' conduct did in fact cause Plaintiff severe emotional distress.

66. As a result of the conduct of Defendant Burns, Plaintiff suffered emotional distress that no reasonable person could be expected to endure in that Plaintiff suffered harm to his emotional and psychological wellbeing.

67. The torts and negligent actions of Defendant Burns are to be imputed to the City of Hickory pursuant to the doctrine of *respondeat superior*. At all times relevant to this action, Defendant Burns was acting within the course and scope of his agency and employment by the City and HPD.

## THIRD COUNT: NEGLIGENT INFLICTION OF EMOITIONAL DISTRESS

### Alternative to Second Count

68. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

69. Defendants had a duty to uphold the law and protect the public in Hickory, including Plaintiff.

70. Defendant Burns' conduct as alleged hereinabove breached a duty of care owed to Plaintiff and proximately caused Plaintiff to experience severe emotional distress.

71. Defendant Burns could reasonably foresee that his negligent conduct would cause Plaintiff to suffer severe emotional distress.

72. Defendant Burns' conduct proximately caused Plaintiff to experience severe emotional distress as the result of his concern for his own welfare.

73. As a result of the conduct of Defendant Burns, Plaintiff suffered emotional distress that no reasonable person could be expected to endure in that Plaintiff suffered harm to his emotional and psychological wellbeing.

74. The torts and negligent actions of Defendant Burns are to be imputed to the City of Hickory and HPD pursuant to the doctrine of *respondeat superior*. At all times relevant to this action, Defendant Burns was acting within the course and scope of his agency and employment by the City and HPD.

## FOURTH COUNT: NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION

75. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

76. The City and Defendant Whisnant have a duty to exercise ordinary and reasonable care in the screening, hiring, training, retention, supervision and discipline of its police officers.

77. The City and Defendant Whisnant breached this duty.

   a. Failed to reject Burns as an HPD officer candidate prior to hiring him;

   b. Failed to take appropriate measures to properly address citizen and officer complaints leveled against Defendant Burns;

   c. Failed to investigate and/ or punish Defendant Burns on multiple occasions;

   d. Failed to take appropriate measures to address Defendant Burns propensity for overzealousness and violence; and

   e. Breached their duty in other ways as shall be proved through discovery and/or trial.

78. The City's and Defendant Whisnant's breaches of their duty directly and proximately led to damages suffered by the Plaintiff.

## FIFTH COUNT: VIOLATION OF 42.U.S.C. § 1983
## CLAIMS AGAINST INDIVIDUAL OFFICERS AND CITY

79. All of the foregoing paragraphs are incorporated fully herein by this paragraph as if fully set forth.

80. Defendant-Officers are not entitled the benefit of qualified immunity as police officers because they violated clearly established statutory or constitutional rights of which a reasonable person would have known.

81.    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants for violation of his constitutional rights under color of law.

82.    Plaintiff is entitled to recover reasonable attorney fees as the result of Defendants' violations of Plaintiff's rights guaranteed by 42 U.S.C. § 1983, as set out in 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## SIXTH COUNT:  A. VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES

83.    Plaintiff's person and property was searched and Plaintiff was arrested and his person seized by the individual Defendants named herein while said Defendants were acting under color of law, without necessary probable cause or reasonable suspicion, in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unreasonable search and seizure.

84.    The searches, seizures, assaults and multiple batteries of Plaintiff's person were conducted without probable cause or reason to believe that any contraband, dangerous materials, incriminating objects or weapons would be found, in violation of the Fourth and Fourteenth Amendments.

85.    Because of Defendants' actions, Plaintiff's person and property were illegally searched, and Plaintiff was falsely arrested and imprisoned in violation of his Fourth and Fourteenth Amendment rights.

86.    Upon information and belief, prior to October 8, 2018, the City of Hickory developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Hickory to be free from arrests lacking probable cause, which caused the violations of Plaintiff Heavner's rights.

87.    Upon information and belief it was the policy and/ or custom of the City of Hickory and Defendant Whisnant to improperly detain and arrest citizens when lacking reasonable cause to do so; these acts of misconduct were tolerated by the City of Hickory.

88.    Upon information and belief it was the policy and/ or custom of the City of Hickory and Defendant Whisnant to inadequately supervise and train its police officers, including the individually named Defendants herein, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

89.    Upon information and belief, the City of Hickory and Defendant Whisnant did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, namely the arresting and detaining of persons while lacking probable cause.

90.    As a result of the above described policies and customs, police officers of the City of Hickory, including the individually named Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

91. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Hickory to the constitutional rights of persons within the City of Hickory, and were the cause of the violations of Plaintiff Heavner's Fourth and Fourteenth Amendment Constitutional rights alleged herein.

### SIXTH COUNT: B. EXCESSIVE FORCE

92. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

93. The seizures, assaults and multiple batteries of Plaintiffs' person constituted a gross invasion of Plaintiff's right to bodily security and liberty, in violation of the Fourteenth Amendment, and constituted an unreasonable physical seizure of the Plaintiff in violation of the Fourth Amendment.

94. Defendants' application of unconstitutionally excessive, unnecessary and unreasonable force in contravention of Plaintiff's rights under the Fourth Amendment, thereby causing damage to Plaintiff.

95. As a direct and proximate result of the consequence of the activities of Defendants and their respective agencies and employers, Plaintiff was deprived of his rights as secured and guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

96. As a direct and proximate result of the activities alleged above, Plaintiff was caused to suffer damages, including pain and suffering, for which said Defendants are liable.

97. Upon information and belief, prior to October 8, 2018, the City of Hickory and Defendant Whisnant developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Hickory to be free from the application of excessive force by law-enforcement officers, which caused the violations of Plaintiff Heavner's rights.

98. Upon information and belief, it was the policy and/ or custom of the City of Hickory to engage in excessive force without legal justification in violation of the Fourth Amendment to the Constitution of the United States; such acts of excessive force were tolerated by the City of Hickory and Defendant Whisnant.

99. Upon information and belief, it was the policy and/ or custom of the City of Hickory and Defendant Whisnant to inadequately supervise and train its police officers, including the individually named Defendants herein, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

100. Upon information and belief, the City of Hickory did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, namely the application of excessive force by law-enforcement officers without legal justification in violation of the Fourth Amendment to the Constitution of the United States.

101. As a result of the above-described policies and customs, police officers of the City of Hickory, including the individually named Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

102. Defendants' actions deprived Plaintiff of his right to be free from excessive force, and they were motivated by an unconstitutional enforced policy, pattern, practice of custom of the Hickory Police Department and Defendant City. The Hickory Police Department and Defendant City do not enforce their excessive force policies, they do not properly document incidents of the use of force, they do not investigate allegations of the application of excessive force, and they engage in a policy, pattern, practice or custom of failing to reprimand or discipline officers for the use of excessive force. Defendants' failure to address the application of excessive force by Hickory Police Department officers amounted to tacit approval of the use of excessive force.

103. The above-described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Hickory to the constitutional rights of persons within the City of Hickory, and were the cause of the violations of Plaintiff Heavner's Fourth and Fourteenth Amendment Constitutional rights alleged herein.

### SIXTH COUNT: C. FAILURE TO INTERVENE

104. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

105. All Defendants had a Constitutional duty to uphold the Constitutional rights of Plaintiff and to protect him from the application of unreasonable, unnecessary or excessive force.

106. Defendants had reason to know that Plaintiff was being subjected to illegal searches, was being illegally arrested, and that excessive, unnecessary, unreasonable force was being applied to Plaintiff.

107. Defendants had reason to know that Plaintiff's Constitutional rights secured under the Fourth and Fourteenth Amendments to the Constitution of the United States were being violated.

108. Defendants had reasonable, repeated and realistic opportunities to intervene to prevent the harm and deprivation of Plaintiff's Federal rights, but chose not to act.

109. As a direct and proximate result of Defendants' individual, joint, and several nonfeasance, Plaintiff suffered permanent and serious physical and psychological harm. Defendants' failure to intervene was reckless, wanton, and grossly negligent, thus amply justifying the award of punitive damages.

### SEVENTH COUNT: MALICE & GROSS, WANTON, WILLFUL AND RECKLESS NEGLIGENCE; PUNITIVE DAMAGES PURSUANT TO N.C.G.S. § 1D AND 42 U.S.C. § 1983

110. All of the foregoing paragraphs are incorporated herein by this reference as if fully set forth.

111. Defendant Burns' actions in allowing and/or encouraging Plaintiff to try and escape, in unlawfully seizing Plaintiff, in repeatedly assaulting and battering Plaintiff, in chasing Plaintiff down with his patrol vehicle and ultimately striking Plaintiff with his patrol vehicle, constituted willful and wanton conduct that was undertaken with malice.

112. Defendant Burns knew or reasonably should have known that he committed the tortious individual and official actions alleged herein with fraud, malice and reckless or callous indifference to the Plaintiff's rights.

113. Defendant Burns owed Plaintiff a duty of reasonable care under the circumstances.

114. Defendant Burns negligently, maliciously, recklessly and willfully breached that duty and as a direct and proximate result, Plaintiff suffered injuries.

115. The acts and omissions of Defendant Burns constitute gross, wanton, willful and reckless negligence and actual malice in light of Defendants' actual conscious indifference to the health, safety and welfare of Plaintiff.

116. Plaintiff is entitled to recover punitive damages from Defendant Burns, in an amount in excess of twenty-five thousand dollars ($25,000.00), pursuant to N.C. Gen. Stat. §1D et seq.

117. Plaintiff is entitled to recover punitive damages from Defendant Burns pursuant to 42 U.S.C. § 1983 because Defendant Burns' conduct was motivated by evil motive or intent, and/ or involved reckless or callous indifference to Plaintiff's federally protected rights.

WHEREFORE, PLAINTIFF prays the court as follows:

1. That it award Plaintiff damages against Defendant Burns, in an amount to be proven at trial, for his assault and battery, false imprisonment, and intentional or negligent infliction of emotional distress of Plaintiff.

2. That it award Plaintiff damages against the City and Defendant Whisnant, pursuant to the doctrine of *respondeat superior*, in an amount to be proven at trial, for Defendant Burns' tortious conduct.

3. That it award Plaintiff damages against the City and Defendant Whisnant, in an amount to be proven at trial, for its negligent hiring, retention and/ or supervision of Defendant Burns.

4. That it award Plaintiff damages against the City in an amount to be proven at trial, for maintaining a pattern and practice of and deliberate indifference of the arrests and detainment of persons by city officers, while said officers lacked probable cause, which pattern and practice and deliberate indifference led to the Constitutional injury suffered by Plaintiff herein.

5. That it award Plaintiff damages against the City in an amount to be proven at trial, for maintaining a pattern and practice of and deliberate indifference of applying excessive force without legal justification, which pattern and practice and deliberate indifference led to the Constitutional injury suffered by Plaintiff herein.

6. That it award Plaintiff damages for deprivation of his Constitutional rights, pursuant to 42 U.S.C. § 1983.

7. That it award Plaintiff punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00), pursuant to N.C. Gen. Stat.§ 1D-15 et seq. and/ or pursuant to 42 U.S.C. § 1983.

8. That the costs of this action be taxed to Defendants.

9. That Plaintiff recover of Defendants interest on any recovery hereunder, from the date of the filing of this action until paid, as provided by law, in an amount no less than 8% per annum.

10. That Plaintiff recover of the Defendants an award of attorney fees pursuant to 42 U.S.C. § 1988 and/ or N.C. Gen. Stat.§ 6-21.1.

11. That Plaintiff have a trial by jury on all issues so triable.

12. For such other and further relief as to which Plaintiff may be entitled or as the Court may seem proper and just.

This the 28 day of September, 2021.

Jason E. Taylor (State Bar No. 20162)
Robyn M. Buckley (State Bar No. 29038)
Law Offices of Jason E. Taylor P.C.
PO Box 2688
Hickory, NC 28603
Telephone: (828) 327-9004
Facsimile: (704) 676-1094
RBuckley@jasonetaylor.com