# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:21-CV-159-KDB-DCK

| | |
|---|---|
| **BRENT SHAUN HEAVNER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **SETH WILLIAM BURNS,** individually ) and in his official capacity as an officer ) with the Hickory Police Department, ) **THURMAN WHISNANT,** individually ) and in his official capacity as the Chief of ) Police for the Hickory Police ) Department, **THE CITY OF HICKORY,** ) a North Carolina Municipality, and the ) **HICKORY POLICE DEPARTMENT,** ) ) Defendant. ) | **CONSENT PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Release Of NCSBI File" (Document No. 7) filed December 20, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion and adopt the parties' proposed consent protective order (Document No. 7-1).

**IT IS, THEREFORE, ORDERED** that:

Counsel for the parties herein and the North Carolina State Bureau of Investigation (hereinafter "SBI") stipulate to the entry of this Protective Order allowing release of SBI File No. 2018-02904 to counsel for the parties herein based upon the following facts and conditions:

1. The parties, in the course of this action, have requested the release of the SBI investigative file into the incident which occurred on October 8, 2018 regarding Brent Shaun Heavner.

2. The SBI investigative file appears to be material and relevant to the subject matter involved in this matter.

3. The following definitions apply herein:

   a. "SBI Report" refers to the materials contained in SBI File No 2018-02904, any video footage from the arrest or incident following the arrest and all materials related to the investigation into the aforementioned incident.

   b. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

   c. "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

   d. "Parties" means Plaintiff and Defendants in this action.

4. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties for the following reasons:

   a. No policy reason exists for denial of the request of the parties for production of this material.

   b. There is no prejudice to the SBI by releasing this material.

   c. There are no identities of persons contained in this material which need to be protected, and

   d. Any criminal investigation which might have been the subject of this file has been concluded.

5. Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified below.

   a. The Court and its staff.

   b. The parties and attorneys of record for the parties, and their legal assistants; other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents.

   c. Any potential or actual deposition or trial witness when the documents are materially related to the questions asked to or testimony of such witness.

   d. Mediators.

    e.    Consultants and technical experts involved in the preparation of this action.

    f.    Court reporters, their transcribers, assistants and employees.

    g.    The jury and trier of fact.

6. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

7. Counsel may make copies of material contained within the SBI Report for Plaintiff or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiffs or Defendants' experts read, acknowledge and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

8. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on any applicable grounds.

9. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**SO ORDERED.**

Signed: December 22, 2021

David C. Keesler
United States Magistrate Judge

3

Case 5:21-cv-00159-KDB-DCK   Document 8   Filed 12/22/21   Page 3 of 4

**AGREED TO BY:**

/s/ Jason E. Taylor
Jason E. Taylor
Robyn M. Buckley
Law Offices of Jason E. Taylor, P.C.
P.O. Box 2688
Hickory, NC 28603
Email: jtaylor@jasonetaylor.com
Email: rbuckley@jasonetaylor.com
*Attorneys for Plaintiff*

/s/ Patrick H. Flanagan
Patrick H. Flanagan
*Attorneys for Defendants*
Cranfill Sumner LLP
P.O. Box 30787
Charlotte, NC 28230
Email: phf@cshlaw.com

/s/ Jennifer Joy Strickland
J. Joy Strickland
Deputy General Counsel
North Carolina State Bureau of Investigation
3320 Garner Road
Raleigh, North Carolina 27610
(919) 582-8524
E-mail: jstrickland@ncsbi.gov